Col. Tom Mars, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, AR 72209
Dear Col. Mars:
You have requested an Attorney General opinion concerning private correctional officers who work at state correctional facilities.
You note that A.C.A. § 17-40-201 created the Arkansas Board of Private Investigators and Private Security Agencies, which is charged with the responsibility of licensing and regulating private security officers and guard companies operating in the state. You also note that as Director of the Arkansas State Police Department, you are made the Administrator of the Board.
You indicate that your question arises out of the situation at the state correctional facility in Newport, which is operated by a private corporation. The facility is public property.
You have asked:
 Are private correctional officers included in the definition of "private security officer," as set forth in A.C.A. § 17-40-102(21), and if so, are the companies that employ the correctional officers included in the definition of "guard company," as set forth in A.C.A. § 17-40-102(12), even though the officers work on public property? If the officers work on private property, is the employer considered a "guard company," under the definition set forth in A.C.A. § 17-40-102(12)?
RESPONSE
It is my opinion that private correctional officers such as those who are employed by a private company to work at a state correctional facility on public property are not "private security officers" within the meaning of A.C.A. § 17-40-102(21).
The definition of "private security officer" is stated as follows:
 "Private security officer" means any individual employed by a security services contractor or the security department of a private business to perform the duties of a security guard, security watchman, security patrolman, or armored car guard[.]
A.C.A. § 17-40-102(21).
Under the above-quoted definition, the question of whether a particular officer is a "private security officer" depends on the nature of that officer's employer. Thus, in order to determine whether a particular officer is a "private security officer," it is necessary to determine whether that officer's employer is either a "security services contractor" or "the security department of a private business." It is my opinion that companies that operate state correctional facilities clearly are not "the security department of a private business,"[1] nor are they "security services contractors." The term "security services contractors" is defined as follows: "`Security services contractor' means any guard company or armored car company[.]" The crucial term in this definition (and the one that gives rise to your question) is the term "guard company." It is defined as follows:
 "Guard company" means any person engaging in the business of or undertaking to provide a private watchman, guard, or street patrol service on a contractual basis for another person and performing any one (1) or more of the following or similar functions:
 (A) Prevention of intrusion, entry, larceny, vandalism, abuse, fire, or trespass on private property;
 (B) Prevention, observation, or detection of any unauthorized activity on private property;
 (C) Control, regulation, or direction of the flow or movements of the public, whether by vehicle or otherwise, only to the extent and for the time directly and specifically required to assure the protection of property; or
(D) Protection of individuals from bodily harm[.]
A.C.A. § 17-40-102(12).
It is my opinion that private companies that operate state correctional facilities are not "guard company[s]" within the meaning of the above-quoted definition. This conclusion is not based on the fact that such companies operate on public property, rather than on private property. Rather, I base this conclusion on the fact that the definition does not describe the type of company that operates a state correctional facility. Although the above-quoted definition of the term "guard company" has not been interpreted by a court, it is my opinion that the definition's list of characteristics of a "guard company" not only does not include the characteristics of private corporations that operate state correctional facilities, but describes tasks that are not performed by such companies.
Because these companies are not "guard companies," the private correctional officers who are employed by them do not constitute "private security officers," within the meaning of A.C.A. § 17-40-102(21).
The result of the foregoing conclusions is that private correctional officers who work at state correctional facilities, as well as the companies that employ them, are not currently subject to the regulatory authority of the Arkansas Board of Private Investigators and Private Security Agencies.
In this regard, I must note that there appear to be good policy reasons for the state to have at least as great an interest in regulating the officers who are employed at its correctional facilities as it has in regulating officers who work on private property. Even if there is not statutory authority for such state oversight, this interest could be addressed through the contracts that are entered into between the state and the companies that operate the state's correctional facilities. The matter could also be addressed by the legislature. Currently, however, because these officers do not fall within the definition of "private security officer," as set forth in A.C.A. § 17-40-102(21), the state cannot regulate them through the Arkansas Board of Private Investigators and Private Security Agencies.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] A "security department of a private business" is defined as "the security department of any person, if the security department has as its general purpose the protection and security of its own property and grounds, and if it does not offer or provide security services to anyother person[.]" A.C.A. § 17-40-102(24) (emphasis added).